# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0428

═══════════

CHERYL WALLACE, PETITIONER,

v.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, RESPONDENT

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

═══════════

**PER CURIAM**

We recently held that, under the Administrative Procedures Act, a party seeking judicial review of an administrative order must first move for rehearing before the administrative law judge, unless another governing statute provides otherwise. *Mosley v. Tex. Health & Hum. Servs. Comm'n*, ___ S.W.3d ___, ___ (Tex. 2019). An agency's affirmative misrepresentation of the proper procedure for judicial review, however, may violate a party's right to due process. *Id.* at ___.

This appeal presents the issues decided in *Mosley*. The court of appeals concluded in this case that the trial court lacked jurisdiction because Wallace did not move for rehearing before the administrative law judge, and it rejected Wallace's due-process challenge based on the agency's misrepresentation of the proper procedure for judicial review. ___ S.W.3d ___ (Tex. App.—Austin 2017). We agree that the trial court lacked jurisdiction because Wallace did not seek rehearing of

the order she challenges before the administrative law judge. But because, as in *Mosley*, the agency misrepresented the proper procedure for judicial review in a letter to Wallace, we hold that Wallace was denied due process.

For the reasons expressed in *Mosley*, we grant Wallace's petition for review and, without oral argument, reverse in part. *See* TEX. R. APP. P. 59.1. We hold that the government violated Wallace's due-course-of-law rights under the Texas Constitution. TEX. CONST. art. I, § 19.[1] Because "the remedy for a denial of due process is due process," *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995), we direct the Department of Family and Protective Services, or its designee, see TEX. HUM. RES. CODE § 48.405(a), to reinstate Wallace's administrative case and afford her an opportunity to seek rehearing of the order she challenges before the administrative law judge.

**OPINION DELIVERED:** October 25, 2019

---

[1] "While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction" and thus "have traditionally followed contemporary federal due process interpretations of procedural due process issues." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).